Joel E. Tasca, Esq.
Nevada Bar No. 14124
Emil S. Kim, Esq.
Nevada Bar No. 14894
Ballard Spahr LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile:  (702) 471-7070
tasca@ballardspahr.com
kime@ballardspahr.com

*Attorneys for Defendant*
*Moneytree, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| METEJEMEI, LLC, a Nevada limited liability company, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| MONEYTREE, INC., a Washington corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive; | |
| Defendants. | |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Moneytree, Inc. ("Moneytree"), by and through its undersigned counsel, hereby gives notice of removal of this action, currently pending in the Eighth Judicial District Court – Clark County, to the United States District Court for the District of Nevada based on the following grounds:

**I.   Background**

1. On January 13, 2021, Plaintiff Metejemei, LLC ("Plaintiff") filed a civil complaint (the "Complaint") in the Eighth Judicial District Court – Clark County styled *Metejemei, LLC v. Moneytree, Inc.*, Civil Action No. A-21-827812-C (the "State Court Action"). *See* Complaint, attached hereto as Ex. A.

2. On January 25, 2021, Moneytree accepted service of the Complaint. *See* Acceptance

1  of Service of Summons and Complaint, attached hereto as Ex. B.

2      3.    Plaintiff's Complaint asserts claims against Moneytree for breach of lease and breach
3  of the covenant of good faith and fair dealing. *See* Ex A., ¶¶ 21-38.

## II. Basis for Removal Jurisdiction

### A. The Parties are Diverse

6      4.    Plaintiff states that it is a Nevada limited liability company. Ex. A, ¶ 1.

7      5.    For purposes of diversity jurisdiction, a limited liability company is a citizen of every
8  state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437
9  F.3d 894, 899 (9th Cir. 2006).

10     6.    On the Nevada Secretary of State website, Plaintiff indicates that it has three managers.

11     7.    On the Nevada Secretary of State website, Plaintiff lists Michelle Elardi-Inman as a
12 manager with a Nevada address.

13     8.    On the Nevada Secretary of State website, Plaintiff lists Thomas E. Elardi as a manager
14 with a Nevada address.

15     9.    On the Nevada Secretary of State website, Plaintiff lists Margaret Elardi as a manager
16 with a Nevada address.

17     10.    Defendant Moneytree has its principal place of business in Washington and is also
18 incorporated in Washington.

19     11.    Therefore, the parties are diverse. *See* 29 U.S.C. §§ 1332(a), 1441(b)(2).

### B. The Amount in Controversy Exceeds $75,000

21     12.    As alleged in the Complaint, Plaintiff seeks damages for an alleged breach of a
22 commercial lease (the "Lease") and an alleged breach of the covenant of good faith and fair dealing.
23 *See* Ex. A, ¶¶ 17-38.

24     13.    Plaintiff alleges that Moneytree stopped paying rent starting November 1, 2020, and
25 that Moneytree is refusing to pay rent for the remainder of the Lease term, which would result in
26 unpaid rent for a more-than two-year period by the end of the Lease term on December 31, 2022. *See*
27 *id.* at ¶¶ 13-18.

28     14.    The Lease requires payment of over $100,000 in rent per year. *See* First Amendment

to Simmons Marketplace Lease Agreement (attached hereto as Exhibit C, and referred to in the Complaint at ¶ 8), ¶¶ 2-3 (discussing amount of "Base Rent," and "Rental Increases"). Thus, for the more-than two-year period of unpaid rent alleged by Plaintiff, Plaintiff's claimed damages in unpaid rent alone are in excess of $200,000.

15. Moreover, Plaintiff alleges that it is contractually entitled to recover attorneys' fees and has requested such relief in the Complaint. *See id*. at ¶¶ 19, 29, 38. This requested relief is to be taken into account when calculating the amount in controversy for removal purposes. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute or contract.").

16. Thus, based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

### III. Removal is Timely

17. This Notice of Removal has been filed within 30 days after service of Plaintiff's Summons and Complaint. *See* Ex. B. As such, pursuant to 28 U.S.C. § 1446(b)(1), this removal is timely.

### IV. Venue is Proper in the District of Nevada

18. Pursuant to 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

19. The Eighth Judicial District Court – Clark County is located within the United States District Court for the District of Nevada. Therefore, removal to this Court is proper.

### V. Procedural Compliance

20. Pursuant to 28 U.S.C. § 1446(d), Moneytree is concurrently filing a Notice of this Notice of Removal with the Eighth Judicial District Court – Clark County. Moneytree will concurrently serve Plaintiff with copies of this Notice of Removal and the Notice filed in the State Court Action. *See* Ex. D.

3

21. The Complaint and Summons were served upon Moneytree as of January 25, 2021. Moneytree's deadline to respond to the Complaint in the State Court Action is February 16, 2021. Thus, the time for Moneytree to answer in the State Court Action in response to the Complaint has not yet expired; Moneytree has not yet answered in the State Court Action.

22. Pursuant to 28 U.S.C. § 1446, the documents attached hereto as Exhibits A and B constitute copies of "all process, pleadings, and orders served" upon Moneytree in the State Court Action.

23. By filing this Notice of Removal, Moneytree does not waive any defenses which may be available to it.

WHEREFORE, Moneytree hereby gives notice that the above-captioned action, currently pending in the Eighth Judicial District Court – Clark County, is hereby removed to this Court.

Dated: February 16, 2021.

BALLARD SPAHR LLP

By: /s/ Joel E. Tasca
Joel E. Tasca, Esq.
Nevada Bar No. 14124
Emil S. Kim, Esq.
Nevada Bar No. 14894
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV  89135

*Attorneys for Defendant Moneytree, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 16, 2021, I served the foregoing **NOTICE OF REMOVAL** on the following parties registered to receive service pursuant to the Court's e-filing and e-service system:

Peter C. Bernhard, Esq.
Bryan M. Viellion, Esq.
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorneys for Plaintiff

/s/ Adam Crawford
An employee of BALLARD SPAHR LLP

5